UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br>v.<br><br>DANIEL LEE DIXON,<br><br>　　　Defendant. | Case No. 2:21-cr-00093-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Daniel Dixon's Request for Writ for an Amended Mittimus. Dkt. 172. Despite the title, the filing is best viewed as a motion to reduce sentence or a motion for credit for time served. The Government did not file a response to Dixon's Request.

The Court finds that the decisional process would not be significantly aided by oral argument and will decide the Motion on the briefs filed. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS in PART and DENIES in PART Dixon's Request.

## II. BACKGROUND

On March 10, 2021, a federal grand jury returned a single-count indictment charging Dixon with conspiracy to distribute methamphetamine and heroin. Dkt. 1.

Dixon eventually pleaded guilty, and the Court sentenced him to 63 months of incarceration. Dkts. 159, 160.

MEMORANDUM DECISION AND ORDER - 1

In his current motion, Dixon argues that the Bureau of Prisons ("BOP") is not giving him credit for certain time he was in jail prior to sentencing—time he claims the Court specifically ordered would be credited against his sentence. To remedy this disparity, Dixon filed the instant motion asking the Court to amend his sentence to give him credit for an additional 385 days.

### III. ANALYSIS

The Court applauds Dixon for initially trying to resolve this matter with the BOP. He filed a request explaining the situation and waited for a response before bringing the matter to the Court's attention. Dkt. 172-1, at 1–2. This is helpful because the Court does not need to reach out to the BOP to ascertain its position on the matter; it already knows where it stands.

The Court agrees with Dixon that a modification to his sentence is necessary to bring his computation in line with what the Court intended. That said, the Court does not agree with Dixon's calculations.

Dixon asserts he should be given credit from January 7, 2021—the day he was "arrested"—until January 25, 2022—the date of his sentence. He claims the Court "ordered" at sentencing that his sentence "is to run concurrent[ly]" and that "I [the Court] will give you credit for everyday you have served since your January 7, 2021 arrest." Dkt. 172, at 1. This is not entirely correct.

At sentencing the following exchange took place:

THE COURT: All right. Then I will run it concurrent with the state sentence.

THE DEFENDANT: Sir?

MEMORANDUM DECISION AND ORDER - 2

THE COURT: Yes.

THE DEFENDANT: Can I get credit for time served from the time the DEA arrested me on January 7?

THE COURT: I haven't gotten to that part yet. What I'm going to do -- well, I'll do it right now. I know that you went into federal custody on July 6th of 2021. There may have been federal custody prior to that time that I'm not aware of, so I will simply say it is my recommendation to the Bureau of Prisons that you be given credit for all time that you've been in federal custody on this case. They'll know the exact date, and they'll calculate it.

Dkt. 168 at 34–35.

Thus, while it is true that the Court said Dixon's sentence would run concurrent, it did not know at that time (and does not know now) the status of any state parole matters and, therefore, could not opine fully on that timing.[1] Furthermore, the Court indicated: (1) that Dixon should get credit for all time "in federal custody"; (2) its belief that federal custody began on July 6, 2021; and (3) that BOP would be in the best position to make that determination.

In its denial of Dixon's request to re-calculate his time served, the BOP referenced "PS 5800.28" and explained their computation was correct—his sentence began on the date of imposition (January 25, 2022). The Court takes this language to be a reference to Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984). That statement, in conjunction with Title 18 U.S.C. § 3585(b), precludes the application of credit for time that has been credited against another sentence. These authorities explain that the

---

[1] It appears a hearing was held in January of 2022. The Court does not know the disposition of that hearing, but on April 27, 2022, Dixon was granted parole. Of course, he continues to be held in federal custody on this sentence, but his parole termination date is currently June 23, 2030.

MEMORANDUM DECISION AND ORDER - 3

earliest possible date a sentence can commence is the date on which it is imposed. In other words, any time spent on state charges *cannot* be credited toward a federal sentence.

Dixon is not the first person to find himself in this situation. Normally, if it appears at sentencing that a defendant will not receive credit for a period of time spent in custody on state charges arising out of the same incident as the federal charges, the Court will simply take that time "off the top"—i.e. it will reduce the actual sentence to account for that time; otherwise, the time is lost.

In this case, neither defense counsel nor probation raised this issue with the Court prior to, or during, sentencing. And such is understandable given the fact that state parole proceedings were ongoing and the confusing nature of when Dixon was actually "in" federal custody.

The Court will explain this situation now and how it affects the outcome of Dixon's request.

Between January 1 and January 7, 2021, while on Idaho state parole, Dixon committed a federal offense. As a result of the federal offense, a parole violation was filed on January 7, 2021, in the Idaho state case (CR-2005-12256), leading to Dixon being taken into state custody. And while a federal indictment was filed in this case on March 10, 2021, and an arrest warrant was issued, Dixon remained physically in the custody of the Idaho Department of Corrections. In other words, the state of Idaho had primary jurisdiction over Dixon at that time.

"Primary jurisdiction" is the principle that applies when "managing defendants who are subject to both state and federal criminal prosecutions." *Johnson v. Gill*, 883 F.3d 756,

761 (9th Cir. 2018). "[T]he first sovereign to arrest a defendant obtains primary jurisdiction over him as against other sovereigns." *Id*. at 761–62. "A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law." *Thomas v. Whalen*, 962 F.2d 358, 360–61 (4th Cir. 1992) (*citing United States v. Mauro,* 436 U.S. 340 (1978)). Thus, at the time of his arrest on the parole violation, Idaho had jurisdiction over Dixon.

State jurisdiction continued until June 21, 2021, when a Writ of Habeas Corpus was submitted in this case. Dkt. 45. That Writ was executed and returned on July 6, 2021. Dkt. 48. Consequently, Dixon was ordered to be detained in federal custody beginning July 21, 2021.

The Court's intention at sentencing was for Dixon's sentence to run concurrent to any state sentence, but only from the time he was actually in federal custody. Doing so does not conflict with jurisdictional consideration or lead to impermissible double-counting. Thus, if the Court credits Dixon back to July of 2021, such effectively results in a partially concurrent and partially consecutive sentence—allowing the six months term between January and July of 2021 to be credited to the parole violation only. But that is not to say those six months were wasted or "dead time." That time was warranted based upon Dixon's parole violation. That is to say, Dixon would have been in custody during that time regardless of whether federal charges were filed or pending because he had violated his parole. That time was still "counting" for something (his state charges).

In sum, the Court will grant a variance and amend its prior sentence to account for the time Dixon was *in federal custody* on this charge but was concurrently receiving credit

MEMORANDUM DECISION AND ORDER - 5

for state charges. That time began in July of 2021.[2] Because the BOP correctly did not give

Dixon credit for this time under Program Statement 5880.28, the Court must reduce his

overall sentence by six months to account for the disparity.

## IV. ORDER

The Court HEREBY ORDERS:

1.  Dixon's Motion to Reduce Sentence (Dkt. 172) is GRANTED in PART and
    DENIED in PART. The Court will issue a new judgment confirming that
    Dixon's sentence should be 57 months instead of 63 months.

DATED: June 15, 2023

David C. Nye
Chief U.S. District Court Judge

---

[2] Whether the Court counts July 6, 2021 (the date the writ was executed), or July 21, 2021 (the date Dixon was detained federally) as the "official date" is irrelevant because the Court does not impose partial month sentences. Simply put, Dixon lost six months of time (July 2021 to January 2022).