UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>DANIEL LEE DIXON,<br><br>        Defendant. | Case No. 2:21-cr-00093-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

On July 29, 2024, Defendant Daniel Dixon filed a Motion for Writ of Habeas Corpus/Injunctive Relief[1] requesting that the Court release him to a "halfway house"[2] in Spokane, Washington. Dkt. 186. In the intervening seven months, Dixon filed a Motion To Expedite his Writ of Habeas Corpus (Dkt. 189) and three Motions to Amend his original Writ (Dkts. 190, 191, 193). He also filed a Motion to Appoint Counsel (Dkt. 197) and a Motion for Release (Dkt. 198). Upon review, and for the reasons set forth below, all Motions are DENIED.

---

[1] The Court sets aside for present purposes the fact that a Writ of Habeas Corpus is not the correct mechanism for an incarcerated individual to request a change in placement.

[2] The Court notes the term "halfway house" is synonymous with the phrase "residential reentry center" ("RRC") under 18 U.S.C. § 3624(g)(2)(B). Dixon offers no clarification on whether he is requesting a modification of his original sentence or a judicial recommendation for new placement. The Court interprets Dixon's filings as a request for a judicial recommendation for prerelease custody placement, specifically at an RRC, under 18 U.S.C. § 3624(c).

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

After Dixon pled guilty to the charge of conspiracy to distribute methamphetamine and heroin (Dkt. 116), the Court sentenced him to 63 months of incarceration on January 26, 2022 (Dkt. 160). The Court subsequently reduced Dixon's sentence on two separate occasions (Dkts. 175, 184), resulting in a final sentence of 51 months. Dixon is currently incarcerated at the federal correctional institution in Sandstone, Minnesota, and has a projected release date of January 20, 2026.

As noted, Dixon's has now filed various motions and amendments requesting the Court direct his release to a halfway house as soon as possible.

## III. LEGAL STANDARD

"A person who has been sentenced to a term of imprisonment [in federal court] . . . shall be committed to the custody of the Bureau of Prisons ("BOP") until the expiration of the term imposed." 18 U.S.C. § 3621(a) (cleaned up). The BOP's authority to place an inmate in prerelease custody, specifically a residential re-entry center ("RRC"), is governed by 18 U.S.C. § 3621(b) and § 3624(c). *Sacora v. Thomas*, 628 F.3d 1059, 1061–62 (9th Cir. 2010). Section 3621(b) authorizes the BOP to designate the place of a prisoner's imprisonment and to alter the conditions of confinement and release. *Id.* at 1062. Section 3624(c) charges the BOP with preparing prisoners for reentry during the final months of imprisonment. *Id.*

District courts have the authority and discretion "to make (or not make) non-binding recommendations to the Bureau of Prisons at any time" regarding a defendant's placement. *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011). Such

recommendations do not violate the limitations set forth in 18 U.S.C. § 3582 or Federal Rules of Criminal Procedure 35 and 36. *United States v. Parlin*, 2019 WL 5268542, at *2 (D. N.V. Oct. 17, 2019). However, "a district court's recommendation to the Bureau of Prisons is just that—a recommendation." *Ceballos*, 671 F.3d at 856.

## IV. ANALYSIS

As time has gone on, the tenor of Dixon's filings has changed—albeit each still seeking the same result. His initial writ sought immediate release to a RRC. Dkt. 186. His intervening motions highlighted the BOP's failure to comply with his request to be released. Dkt. 190, 191, 193. In his Motion to Appoint Counsel, Dixon claims he needs an attorney to effectuate his request for release and to correct his continued false imprisonment. Dkt. 197. And in his most recent Motion to Release, Dixon claims he was supposed to be released a few weeks ago but is still incarcerated because the BOP refuses to acknowledge he is authorized to finish his sentence at an RRC. Dkt. 198.

First, the Court will deny Dixon's Motion to Appoint Counsel. There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings (including requests for placement recommendations) rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). In this case, the Court has reviewed the materials and does not find any circumstances warranting the appointment of Counsel. Accordingly, that request is denied.

Second, the Court will also deny the substance of Dixon's remaining motions—that

he be immediately released to a RRC. Under 18 U.S.C. § 3621(b), the BOP has the sole authority over the place of imprisonment of convicted individuals, including their eligibility for home release. *Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) ("While a district court judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement . . . is delegated to the Bureau of Prisons.") (cleaned up). The Court finds the BOP is in the best position to determine Dixon's prerelease custody placement under 18 U.S.C. § 3624(c) and it will not recommend one course of action over another.

## V. ORDER

The Court HEREBY ORDERS:

1. Dixon's Motion to Appoint Counsel (Dkt. 197) is DENIED.

2. Dixon's Writs and Motions seeking early release to a residential reentry center (Dkts. 186, 189, 190, 191, 193, and 198) are DENIED.

DATED: March 19, 2025

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4