UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL LEE DIXON,<br><br>    Defendant. | Case No. 2:21-cr-00093-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Over the last twelve months, Dixon has filed nine motions, notices, and supplements in this case. The bulk of those filings related to Dixon's request that he be released to a halfway house for the remainder of his sentence. The Court recently disposed of seven of those nine filings. Dkt. 201. However, two motions were not ripe at the time of the Court's decision. Those motions—a Motion to Stay (Dkt. 199) and a Motion to Reconsider Sentencing Amendment (Dkt. 200)—are now ripe for adjudication. For the reasons set forth below, the Court denies both motions.

## II. BACKGROUND

After Dixon pled guilty to the charge of conspiracy to distribute methamphetamine and heroin (Dkt. 116), the Court sentenced him to 63 months of incarceration on January 26, 2022 (Dkt. 160). The Court subsequently reduced Dixon's sentence on two separate occasions (Dkts. 175, 184), resulting in a final sentence of 51 months. Dixon is currently incarcerated at the federal correctional institution in Oxford, Wisconsin, and has a

projected release date of March 3, 2026.

### III. DISCUSSION

**A. Motion to Stay (Dkt. 199)**

Dixon first asked that the Court stay its decision on his "habeas" motions—those filings requesting he be moved to a halfway house—while he finalized copying some paperwork for submission. *See generally* Dkt. 199. The Court saw this filing before it issued its omnibus decision on the halfway house issue. It elected to move forward, however, because nothing Dixon could have provided would have changed the Court's analysis.

As the Court explained, under 18 U.S.C. § 3621(b), the Bureau of Prisons ("BOP") has the sole authority over the place of imprisonment of convicted individuals, including their eligibility for home release. Dkt. 201, at 2–3. The Court held BOP was in the best position to determine Dixon's prerelease custody placement under 18 U.S.C. § 3624(c), and it would not recommend one course of action over another. *Id*.

Nothing Dixon could have provided would have changed the Court's conclusion. Thus, the Court proceeded forward with its decision at that time and will, at this juncture, formally DENY the Motion to Stay as MOOT.

**B. Motion to Reconsider (Dkt. 200)**

In this Motion, Dixon asks that the Court reconsider its prior decision reducing his sentence to 51 months and, instead, find a reduction to 45 months is appropriate. In support, Dixon outlines the progress he has made while incarcerated and highlights that he has a release plan. The Court appreciates and applauds Dixon for his rehabilitative efforts as well

as his preparations for the future. That said, there is no statutory or legal authority for a further reduction beyond what the Court already approved. *See* Dkt. 184. Accordingly, the Court will not reconsider its prior decision or apply any further reduction to Dixon's sentence. This Motion (Dkt. 200) is DENIED.

## IV. ORDER

The Court HEREBY ORDERS:

1. Dixon's Motion to Stay (Dkt. 199) is DENIED as MOOT.

2. Dixon's Motion to Reconsider (Dkt. 200) is DENIED.

DATED: May 28, 2025

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3